UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:16-MJ-222-1 |
|  | ) |  |
| v. | ) | Charg. Dist. Case No. 6:16-cr-34-S-GFVT |
|  | ) |  |
| CHRISTOPHER LAND | ) | Judge Steger |

## MEMORANDUM AND ORDER

Defendant Christopher Land ("Defendant") came before the Court on December 16, 2016, in accordance with Rules 5 and 5.1 of the Federal Rules of Criminal Procedure, for an initial appearance on a Superseding Indictment out of the United States District Court for the Eastern District of Kentucky, Southern Division, London.

After being sworn in due form of law, Defendant was informed or reminded of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Myrlene Marsa to represent Defendant with respect to further proceedings in this case in the Eastern District of Tennessee.

Defendant was furnished with a copy of the Superseding Indictment and had an opportunity to review that document with his attorney. The Court determined that Defendant was capable of being able to read and understand the Superseding Indictment. At the Court's request, AUSA Terra Bay explained to Defendant the offenses detailed in the Superseding Indictment. Defendant acknowledged that he understood the offenses with which he is charged in the Superseding Indictment.

The Court explained to Defendant that he had a right to an identity hearing to determine whether he is the person named in the Superseding Indictment; a right to production of the warrant (or a certified copy or electronic copy); and a hearing on the government's motion for detention. The Court further explained to Defendant that he had a right to transfer these proceedings to the charging district, which, in this case, is the United States District Court for the Eastern District of Kentucky, Southern Division, London.

Following consultation with his counsel, Defendant agreed to waive an identity hearing, production of the warrant, and a detention hearing in this Court, and to request transfer of those proceedings to the United States District Court for the Eastern District of Kentucky, Southern Division, London. The Court confirmed that Defendant would be entitled to such proceedings

1

in the charging district at a date and time set by that Court.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be DETAINED WITHOUT BOND pending further proceedings in the United States District Court for the Eastern District of Kentucky, Southern Division, London, is GRANTED.

2. The U.S. Marshal shall transport Defendant to the United States District Court for the Eastern District of Kentucky, Southern Division, London.

3. The Clerk of Court for the Eastern District of Tennessee shall promptly transmit all documents relating to this case to the Clerk of Court for the United States District Court for the Eastern District of Kentucky, Southern Division, London.

4. The Clerk of Court for the United States District Court for the Eastern District of Kentucky, Southern Division, London, shall immediately notify the United States Attorney for such district of Defendant's arrival so that further proceedings may be promptly scheduled.

**ENTER.**

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE